STATE of Wisconsin, Plaintiff-Appellant-Cross Respondent,†

v.

Christopher S. BAKER, Defendant-Respondent-Cross Appellant.††

Court of Appeals

*Nos. 90-2633-CR, 90-2634-CR. Submitted on briefs July 30, 1991.—Decided September 17, 1991.*

(Also reported in 477 N.W.2d 292.)

†Petition to review granted.

††Petition to cross-review granted.

On behalf of the plaintiff-appellant-cross respondent, the cause was submitted on the briefs of *Steven J. Madson,* assistant district attorney, Green Bay, and *James E. Doyle,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

On behalf of the defendant-respondent-cross appellant, the cause was submitted on the briefs of *Steven L. Miller* of *Zuidmulder, Appel & Gammeltoft, S.C.,* Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The state appeals a portion of an order preventing the use of Christopher Baker's third operating after revocation (OAR) conviction (86–TC–4971) as a prior conviction under sec. 343.44(2), Stats. The state contends that the trial court erred by permitting Baker to collaterally attack two of his prior OAR convictions that enhance the penalties in the pending OAR cases. We conclude that a defendant may collaterally attack prior OAR convictions on constitutional grounds.

The state also argues that the trial court erred by finding Baker's third OAR conviction to be unconstitutionally obtained in violation of *State v. Bangert,* 131 Wis. 2d 246, 389 N.W.2d 12 (1986), and, therefore, invalid for sentencing purposes. We conclude that because Baker was not present in court when his guilty plea was entered on the third OAR conviction, the trial court correctly found this conviction to be unconstitutionally obtained and invalid for sentencing purposes.

44

Baker cross-appeals that portion of the order permitting the use of his second OAR conviction (86–TC–2387) as a prior conviction under sec. 343.44(2), Stats. He contends the trial court erred by finding his second OAR conviction valid for sentencing purposes. We conclude the trial court correctly determined that Baker failed to meet his burden of proof on his allegation that his second OAR conviction was unconstitutionally obtained.

Because we conclude that the trial court properly allowed the collateral attacks, correctly determined Baker's third OAR conviction to be void for sentencing purposes and correctly concluded that Baker failed to meet his burden of proof regarding the second OAR conviction, we affirm the order in its entirety.

On March 14, 1990, Baker was charged with his fifth OAR offense and habitual traffic offender (HTO) for a violation occurring on February 20, 1990. On March 21, 1990, Baker was charged again with a fifth offense OAR and HTO for a violation occurring on February 24, 1990.[1] Both fifth offense OAR charges were based on Baker's four prior OAR convictions.[2] These charges were consolidated for trial and disposition.

Baker filed a pretrial motion to void two of his four prior OAR convictions for penalty enhancement purposes. The trial court allowed the collateral attack on the prior OAR convictions, issued an order that declared the

---

[1]While these two violations actually amount to fifth and sixth offenses, the penalties for any offense subsequent to a fifth offense are the same as those for a fifth offense. Section 343.44(2)(e), Stats.

[2]Baker's first OAR conviction was a first offense civil forfeiture, case number unknown. The OAR, second, third and fourth conviction Brown County case numbers are, respectively, 86–TC–2387, 86–TC–4971 and 89–TC–822.

third OAR conviction void for sentencing purposes and declared the second OAR conviction valid.

The state argues that previously obtained OAR convictions are never subject to collateral attack in cases for subsequent OAR violations. We disagree.

We are compelled to permit a collateral attack here on federal constitutional grounds under the United States Supreme Court decision in *Burgett v. Texas,* 389 U.S. 109 (1967). *Burgett* is the first in a series of United States Supreme Court cases discussing under what circumstances a previously unconstitutionally obtained conviction may be used to support guilt or enhance punishment.

In *Burgett,* the defendant was convicted of the felony "assault with malice aforethought with intent to murder." Burgett was charged under Texas recidivist statutes. As a basis for the recidivist charge, it was alleged that Burgett had four prior convictions. At least one of those convictions was invalidly obtained in violation of Burgett's right to counsel. The Supreme Court reversed the conviction, concluding:

> To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

*Id.* at 115 (citation omitted). Under *Burgett,* therefore, a state was precluded from using an unconstitutionally obtained conviction under any circumstances. Thus, a defendant was able to collaterally attack a prior convic-

46

tion at any time, provided he alleged a constitutional infirmity in that conviction.

The Court followed the broad principles enunciated in *Burgett* in *United States v. Tucker,* 404 U.S. 443 (1972). In *Tucker,* the Court remanded the case to the trial court for resentencing because, in deciding the sentence it would impose, the trial court erroneously relied on two prior convictions that were unconstitutionally obtained in violation of Tucker's right to counsel. The court decided "[e]rosion of the *Gideon* principle can be prevented here only by affirming the judgment of the Court of Appeals remanding this case to the trial court for reconsideration of the respondent's sentence." *Id.* at 449.

Recently, the Supreme Court limited the *Burgett* rationale. In *Lewis v. United States,* 445 U.S. 55 (1980), the court was confronted with the issue of whether a defendant could collaterally attack, on constitutional grounds, a felony conviction that was a predicate to conviction under the federal statute prohibiting a convicted felon from transporting firearms. *See id.* at 56 n.1. Although his underlying felony conviction was unconstitutionally obtained in violation of Lewis' right to counsel, the court concluded that the predicate felony conviction was not subject to collateral attack in the prosecution for transporting a firearm as a convicted felon.

The *Lewis* court concluded that the language of the statute and its legislative history precluded a collateral attack. In reaching its conclusion, however, the court reaffirmed *Burgett* and *Tucker.* It stated:

> We recognize, of course, that under the Sixth Amendment an uncounseled felony conviction cannot be used for certain purposes. *See Burgett,*

47

*Tucker,* and *Loper,* all *supra.* The Court, however, has never suggested that an uncounseled conviction is invalid for all purposes. *See Scott v. Illinois,* 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979); *Loper v. Beto,* 405 U.S., at 482, n.11, 92 S. Ct., at 1019, n.11 (plurality opinion).

*Lewis,* 445 U.S. at 66-67. Therefore, *Lewis* confirms the principle in *Burgett* that when a prior conviction is being used for penalty enhancement purposes a defendant must be allowed to collaterally attack the prior conviction if he alleges it was unconstitutionally obtained. Because the prior convictions in this case are being used under sec. 343.44(2), Stats., to enhance the minimum mandatory penalty to which Baker will be subjected, *Burgett* requires us to allow Baker to collaterally attack his prior convictions for constitutional infirmities. Any suggestion to the contrary in *State ex rel. Plutshack v. DHSS,* 37 Wis. 2d 713, 726-27, 155 N.W.2d 549, 556 (1968), must yield to the federal constitutional mandates of *Burgett.*

Next, the state argues that Baker's third OAR conviction was not unconstitutionally obtained in violation of *Bangert.* The state argues that Baker did in fact knowingly and voluntarily enter his plea because: (1) he was represented by counsel; (2) the attorney indicated to the court that Baker knowingly and voluntarily entered his plea; (3) Baker did not seek to withdraw his plea and did not initiate a direct appeal. This contention is without merit.

The question of whether a defendant effectively waived federal constitutional rights is governed by federal standards. *Boykin v. Alabama,* 395 U.S. 238, 243 (1969). In *Boykin,* the United States Supreme Court explained:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record.

*Id.* (citations omitted). The Wisconsin Supreme Court in *Bangert* recognized the *Boykin* holding, stating: "*Boykin* . . . sets forth the constitutional standard that there must be an affirmative showing 'or there must be an allegation and evidence which show[s]' that the plea was knowingly, voluntarily, and intelligently made." *Bangert,* 131 Wis. 2d at 257, 389 N.W.2d at 19.

██ The state's contention that a failure to raise an appeal or withdraw a guilty plea is evidence of voluntariness was addressed by the court in *Boykin.* It stated: "Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect coverup of unconstitutionality." *Id.* at 242–43. Thus, the court required affirmative record evidence of a knowing and voluntary guilty plea. Not only is the record here silent as to whether Baker's plea was made voluntarily and intelligently, but the record demonstrates that Baker was not even present at the proceedings. Therefore, we must conclude in light of *Boykin* and *Bangert* that Baker's third OAR conviction was unconstitutionally obtained.

Baker, in his cross-appeal, argues that the trial court erred when it determined that he did not prove that his second OAR conviction was unconstitutionally obtained. Baker argues that he only has the burden to

raise the issue of whether his conviction was unconstitutionally obtained. He claims that his uncontroverted affidavit stating that he did not affirmatively waive his right to counsel on this conviction sufficiently raises the issue. He argues that once he raises the issue, it is the state's burden to prove the constitutionality of the conviction.

When a judgment of conviction is collaterally attacked, it carries with it a presumption of regularity. *Johnson v. Zerbst,* 304 U.S. 458, 468 (1938). Therefore, it is the defendant's burden, when he seeks to set aside a conviction on grounds that it was unconstitutionally obtained, to prove its unconstitutionality. *Id.*

Baker argues that his second conviction was unconstitutionally obtained because he did not waive his right to counsel. Whether Baker presented sufficient evidence to meet his burden of proof on this issue is a matter of law that we review de novo. *State v. Moederndorfer,* 141 Wis. 2d 823, 831, 416 N.W.2d 627, 631 (Ct. App. 1987). Baker's only supporting evidence for this contention is his affidavit stating that he did not waive his right to counsel. The affidavit does not contain any facts upon which Baker rests this legal conclusion. He did not in any fashion attempt to reconstruct the record for the trial court in his affidavit. Therefore, the trial court correctly rejected Baker's conclusory affidavit as insufficient proof that he did not waive his right to counsel.[3]

Baker, however, argues that because the transcript was lost in this case, he had no means by which to

---

[3]We do not interpret the trial court's decision to preclude reconstruction of a missing record, instead we interpret the decision to mean that the efforts at reconstruction in this case were insufficient.

reconstruct the record and, therefore, meet his burden. He claims that for this reason we must accept his conclusory statements as truthful assertions. We disagree. The transcript is not the only means by which Baker might have proven his claim of unconstitutionality. Court minutes, docket entries, and testimony of people who were present at the proceedings in question are all methods by which Baker might have reconstructed the record on the question of whether he waived his right to counsel. Because the only evidence supporting Baker's contention that he did not waive his right to counsel is his conclusory affidavit, we conclude that Baker failed to meet his burden in this case.

*By the Court.*—Order affirmed.